UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
                                                                  )          Crim. No. 06-227-01 (RBW)
                                                                  )
            versus                                        )
                                                                  )
DARNELL ANTHONY JACKSON,      )
_____Defendant_____ )

MOTION TO VACATE ORDER HOLDING
DEFENDANT WITHOUT BOND

      Defendant, through undersigned counsel, hereby moves the Court to vacate the order imposed by Magistrate Judge Alan Kaye holding defendant without bond. The reasons follow.

      1. Defendant is charged in a multi-count, multidefendant indictment with Conspiracy to Distribute and to Possess with intent to Distribute Phencyclidine (PCP). Defendant was arrested in early August 2006 following the unsealing of the indictment under which arrest warrants were issued. He was presented on August 2, 2006, before Hon. Alan B. Kaye, United States Magistrate Judge. The government requested that defendant be held without bond ("HWOB") before trial, under Title 18 U.S.C. §3142(f). A pretrial detention hearing was scheduled for and held on Aug. 4, 2006. The government made its presentation through an oral proffer rather than through live testimony; it relied on the return of the indictment as a finding of probable cause to believe defendant had committed the crimes alleged against him. Mag. Judge Kaye found that the government had met its burden under the statute, that there was no condition or combination of conditions of release that would assure the safety of the community and eliminate any flight risk and ordered defendant held without bond.

1

2. Defendant submits that there are conditions of release that would assure the safety of the community and defendant's appearance for future court hearings and other obligations.

3. Defendant has lived in the metropolitan Washington, D.C. area his entire adult life. Defendant has operated several businesses, including a restaurant (Safari Steakhouse) and a music production business (Dream Team Sound Co.). Defendant has family here, including two teenage children who rely on him for support. Defendant would make all arrangements to qualify for placement in the Heightened Supervision Program ("HSP") of the D.C. Pretrial Services Agency ("PSA"), which involves electronic monitoring of and curfews imposed on defendants to assure their compliance with all pretrial release conditions.

4. Defendant has a lengthy criminal history. But it appears to include only one prior felony, a 1989 conviction for Possession with Intent to Distribute ("PWID") Cocaine. (D.C. Superior Court No. 1989-FEL-005111; parole closed Jan. 11, 1997) (reported on page 3 of the PSA report prepared on August 2, 2006, for use at defendant's initial appearance). The remainder of his convictions appear to be misdemeanors. With the exception of a case from Emporia, VA, about which this motion will speak presently, there is no record of failures to appear in court.

5. The PSA report records two open cases from the District Court (of the Commonwealth of Virginia) in Emporia, VA. Page 2 of the PSA report, under the heading "Pending Cases," shows case nos. GC99016435-00 (PWID Marijuana – arrest date: Dec. 27, 1999) and GC99016435-01 (Failure to Appear – March 8, 2000). According to PSA, a *capias*, that is, a bench warrant, was issued for defendant on Oct.

11, 2000, relating to the previous alleged failure to appear in court on March 8, 2000, for a hearing in the PWID-marijuana case. The PSA report further notes that the Emporia City Police Department "will be lodging a detainer with DC Jail." (Id.)

      6. Counsel for defendant spoke on August 30, 2006, with representatives of the Emporia, VA, police chief's office; the Emporia District Court clerk's office; and the records office of the D.C. Jail. The information in the PSA report appears to be correct. The D.C. Jail, as of August 29, 2006, did not have a detainer from Emporia on file. Ms. Daly, the D.C. Jail records officer who spoke with counsel, said that such detainers will ordinarily appear on the computerized institutional record for a detained defendant. Defendant believes that in fact this warrant was quashed, that he was transferred to Emporia while in custody in D.C. for a previous case, and that he concluded the case in Virginia. In any event, if the Court decides to release defendant it may be with the order that defendant appear in Emporia, VA, within 24 or 48 hours of his release in order to surrender himself on any live warrant and to take action to conclude his matters in Virginia. If the D.C. Jail receives a detainer from Virginia before defendant's release in the instant case, defendant would simply be transferred in custody to Virginia (assuming that the fugitive squad of the MPD papers a special proceedings case in D.C. Superior Court, defendant waives extradition and the Virginia authorities pick him up in a timely fashion.) The failure to appear allegation is not in character with defendant's apparent record of appearance (by the absence of Bail Reform Act or Escape convictions) in his other cases.

7. Though defendant has been indicted for the instant offenses, the presumption of innocence remains with him up to and through any trial. Defendant submits that he will comply with any conditions of release the Court may impose, recognizing the seriousness of the charges.

8. In the event the Court is not prepared to place defendant in electronic monitoring through HSP, defendant requests that the Court place him on in a D.C. Dept. of Corrections halfway house in the instant case.

WHEREFORE, defendant moves the Court to grant said relief.

A proposed Order is attached.

Respectfully submitted,

NATHAN I. SILVER
Attorney for Darnell Anthony Jackson
Unified Bar No. 944314
P.O. Box 5757
Bethesda MD 20824-5757
(301) 229-0189 (voice & fax)
email: NISquire@aol.com

*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been served this 30th day of August 2006, upon S. Elisa Poteat, Esq., United States Attorney's Office, and upon the attorneys for all represented parties by ECF transmission.

_____
*Nathan I. Silver*

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
                                             )          Crim. No. 06-227-01 (RBW)
                                             )
         versus                              )
                                             )
DARNELL ANTHONY JACKSON,                     )
_____Defendant_____  )

ORDER

Upon good cause shown in defendant's Motion to Vacate Order holding Defendant without Bond, and upon other evidence before the Court in the record of this case, it shall be and hereby is,

ORDERED, this \_\_\_\_ day of _____, 2006, that defendant's Motion is hereby GRANTED, and it is further

ORDERED, that defendant be released to the Heightened Supervision Program of the D.C. Pretrial Services Agency during the pendency of this case.

_____
Hon. Reggie B. Walton
United States District Judge

cc.:   Nathan I. Silver, Esq.
       P.O. Box 5757
       Bethesda, MD 20824-5757

       S. Elisa Poteat, Esq.
       United States Attorney's Office
       555 4th Street NW
       Washington DC 20530

6