UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Criminal No. 06-227 (RBW) |
| | : |
| v. | : |
| | : |
| DARNELL JACKSON, ET AL. | : |
| _____ | : |

GOVERNMENT'S SUPPLEMENTAL MOTION FOR EXCLUSION
OF TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests this Court to exclude at least the time period between March 29, 2007, and September 24, 2007, (179 days) under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(8)(A). As grounds for this motion, the United States shows:

Background

The twelve defendants in this case are charged in a one-count indictment, which charges that the defendants, from on or about 2004, and continuing up to and including July, 2006, conspired to distribute and possess with intent to distribute one kilogram or more of Phencyclidine, also known as PCP.

The instant indictment charges a group of local sellers who supplied PCP to wholesale drug dealers in the District of Columbia and suburban Maryland. The local members of the conspiracy obtained the PCP from suppliers from Compton, California. The California-based suppliers and local sellers used a repertoire of California-based, female couriers headed by Tinesha Adams. The PCP was transported in a variety of ways from the west coast to the east coast. Most of the time, thr

couriers carried the PCP in personal case bottles in their check-in luggage on commercial airliners. Some of the named defendants have been investigated by the Drug Enforcement Agency (DEA) in Maryland for more than two years, while others have been investigated by the Federal Bureau of Investigation in Washington, D.C. (FBI) for more than one year. In addition, several other law enforcement agencies have been involved in the investigation into this case including, but not limited to the Metropolitan Police Department, the Prince George's County Police Department, the Los Angeles County Police Department, and the Los Angeles County Sheriff's Department.

On May 19, 2007, one of the leaders of this criminal organization, Troy Hopkins, was arrested in a gambling casino in California. The following Monday, at a hearing in the United States District Court for the Central District of California, Defendant Hopkins waived his right to an identity hearing. The magistrate judge in California thereafter issued an order directing the United States Marshals to transport Hopkins to the United States District Court for the District of Columbia forthwith.

The investigation involves a court-authorized Title III wiretaps in which over 2,000 telephone calls were intercepted and recorded; controlled purchases from the defendants and co-conspirators which were conducted using video and audio recording devices; the execution of search warrants at over 10 different locations in California, Maryland, and Washington, D.C.; and, related surveillance operations. At present that government anticipates that it will call a large number of witnesses, most of whom will be civilians, including over seven cooperating witnesses. The grand jury investigation of the defendants and other targets is continuing.

Given the voluminous nature of the evidence on which the related indictments are based, discovery review by Hopkins' attorney in this matter will be protracted and time-consuming,

although the government anticipates turning over discovery to Hopkins' attorney as soon as that individual is known to the government. The present discovery is in excess of 3,000 pages of documents and over seven hours of surveillance video. Defense counsel, understandably, will seek access to the above-listed evidence, including wiretap conversations, controlled buy paperwork, surveillance paperwork, videotapes, audiotapes, etc. The government also will need to prepare a large number of separate transcripts of the intercepted telephone conversations and drug transactions for which it will seek to admit at trial. The government has completed the transcription of the wiretap calls. However, Hopkins' counsel's review of the discovery will take a reasonable time after his arrival on a writ.

Currently, a viewing of the evidence by all defense counsel is set for Monday, July 9, 2007, at the Washington Field Office of the Federal Bureau of Investigation.

<u>Complexity of the Case</u>

The vast amount of evidentiary material will prolong the discovery process (at least with respect to Hopkins) and necessitate a lengthy period of time for pretrial preparation.[1]

Title 18, United States Code, Section 3161(h)(8)(A) allows the Court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the Court may consider when determining whether to exclude time pursuant to Section 3161(h)(8)(A). Where the Court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of

---

[1]. It should be noted that counsel for the defendants have not filed any motions other than bond review motions and responses to the Government's motions for exclusion of time under the Speedy Trial Act as of the date of this writing.

novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" the Court may exclude such time as necessary to serve the ends of justice. 18 U.S.C. §§3161(h)(8)(A) and 3161(h)(B)(ii) and (iv).

Based upon the amount of evidence involved, the voluminous discovery involved, the need for sufficient time to research, draft and file motions, and review transcripts and other evidence for trial, the United States submits that this case is sufficiently unusual and complex and that a reasonable time is necessary for the effective preparation by both the defense and the Government. Indeed, at this time, the circumstances of this case support the exclusion of at least the time between March 29, 2007, and September 24, 2007 (179 days), pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(ii) and (iv). This additional time also is necessary for the defense counsel to review the evidence, to determine the appropriate motions to be filed, if any, and to prepare a defense for trial. See United States v. Hernandez, 862 F.2d 17, 24 n.3 (2d Cir. 1988) (trial court has broad discretion to grant speedy trial exclusion based on complexity of the case when such factor complexity makes it necessary to prepare for fair trial; concluding that "[i]t was hardly an abuse of discretion to hold a nineteen-defendant case to be complex."); United States v. Butz, 982 F.2d 1378 (9th Cir.) (excludable time based on extra time needed to complete discovery, file pretrial motions and prepare defense in a nine co-defendant drug conspiracy involving 29 separate charges), cert. denied, 510 U.S. 891 (1993); U.S. v. Jean, 25 F.3d 588, 595 (7th Cir. 1994).

### Fugitivity and Joinder

Defendant Hopkins' period as a fugitive should have tolled the period for a speedy trial of the co-defendants. (He has still not arrived on the warrant and the time has not yet begun for the Speedy Trial clock.) Because of the strong preference for joint trials, any delay caused by the

absence of a defendant is attributable to the co-defendants. According to the plain language of 18 United States Code, §3161(h)(1)(3)(A) and (B):

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: Any period of delay resulting from the absence or unavailability of the defendant . . .[A] defendant . . . shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence.

The evidence that Hopkins was willfully hiding from law enforcement will be overwhelming. First, the FBI engaged in a "take-down" on August 1, 2006, which included the execution of search warrants at many homes, including the home of Hopkins' parents where Hopkins was known to stay, and where he had been videotaped by agents as he met with his co-conspirators and engaged in illicit drug trafficking. At the time of the search, Alfred Hopkins, Defendant Hopkins' father was at home. Second, Attorney Doug Woods, claiming to represent Hopkins, requested that the government's attorney fax a copy of the sealed Indictment to him in August, 2006. After receiving the Indictment, government witnesses will testify, Attorney Woods gave a copy of it to a co-conspirator of Hopkins not named in this Indictment. That co-conspirator passed the Indictment to Hopkins, whom witnesses will testify viewed the indictment and elected to abscond from prosecution. As the months of Hopkins' flight continued, the FBI continued to search for Hopkins and discovered that he was engaged in continuing sales of PCP between the west and the east coast. Hopkins was found to have spent time in Atlanta, Georgia, after which he moved his base of operations to California with the help of a relative of Tinesha Adams. During the time he was in California, Hopkins continued to call his parents, who took his calls, not in their home for fear of detection, but instead at the home of their next door neighbor. Finally Hopkins was located in California at a gambling casino he was known to frequent. Therefore there will be no legitimate

question about Hopkins' knowledge that he was wanted on the bench warrant issued by Magistrate Judge Alan Kay on July 27, 2006.

Having caused the delay to the trial, Hopkins has now visited this delay on his co-defendants. This is to say nothing of the period of delay caused by Defendant Tinesha Adams' flight from prosecution or that of Defendant Tony Hilt. Each of these defendants cause considerable delay to the commencement of trial, and their period of absence tolled the Speedy Trial Act's clock. That is because the exclusion of time under the Speedy Trial Act shall include "[a] reasonable period of delay when the defendant is joined for trial with a co[-]defendant as to whom the time for trial has not run and no motion of severance has been granted." 18 U.S.C. §3161(h)(7).

All the circuits to consider this issue have found that "an exclusion to one defendant applies to all defendants." United States v. Garrett, 720 F.2d 705, 709 (D.C. Cir. 1983), cert. Denied, 465 U.S. 1037, 104 S.Ct. 1311 (1984); United States v. Edwards, 627 F.2d 460, 461 (D.C.Cir.), cert. denied, 449 U.S. 872, 101 S.Ct. 211 (1980); United States v. Butz 982 F.2d 1378,1381 (9th Cir., 1993) (*quoting* Edwards. Id.); United States v. Holyfield, 802 F.2d 846, 848 (6th Cir. 1986), cert. denied, 479 U.S. 1090, 107 S.Ct. 1298 (1987); United States v. Rush, 738 F.2d 497, 504 (1st Cir. 1984), cert. denied, 470 U.S. 1004, 105 S.Ct. 1355 (1985); United States v. Campbell, 706 F.2d 1138, 1141 (11th Cir. 1983); United States v. Fogarty, 692 F.2d 542, 546 (8th Cir. 1982), cert. denied, 460 U.S. 1040, 103 S.Ct. 1434 (1983); United States v. McGrath, 613 F.2d 361, 366 (2d Cir. 1979), cert. denied, 446 U.S. 967, 100 S.Ct 2956 (1980).

The period of time which has elapsed since the arrest of Hopkins' co-defendants, less than one year, is not an unreasonable period of time under the circumstances of the instant case, particularly considering the congressional preference for joint trials of co-defendants . United States

v. Tobin, 840 F.2d 867, 869 (11th Cir. 1988); United States v. Felton, 592 F.Supp. 172, 184-85 (W.D. Pa. 1984) *reversed on other grounds*, 753 F.2d 256 and 753 F.2d 276 (3rd Cir. 1985).

Considering the complexity of this case, the willful flight from prosecution of three of the defendants, the longest period being that of Defendant Hopkins, and the length of the ensuing delay, which was for less than one year, it is a reasonable act of this Court's discretion to prevent this case from being tried twice in a short period of time. To force the government to try two cases with the same set of investigative facts and evidence would cause undue resources to spent, and would reward several of the remaining defendants for their willful flight from prosecution. Further, it would not serve Congress' express preference in favor of joint trials of co-defendants. Instead, the better use of judicial resources and basic fairness will be best served by allowing the exclusion of time in which to bring all of the defendants to trial together.

WHEREFORE, for the foregoing reasons, the United States respectfully requests this Court to enter an Order excluding from computation under the Speedy Trial Act at least the time period from March 29, 2007, and September 24, 2007 (179 days).

                          Respectfully submitted,

                          JEFFREY A. TAYLOR
                          United States Attorney

By:    S. ELISA POTEAT
        Bar No. 420-604, and
        EMORY V. COLE
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530

CERTIFICATE OF SERVICE

       I hereby certify that a copy of this motion has been E-mailed or faxed to the below-listed counsel for the defendants, on this 29th day of May, 2007:

1)     Mr. Howard Bernard Katzoff, Esq.
       Counsel for Defendant Lawrence Bryant
       katzoffh@aol.com

2)     Mr. James W. Rudasill, Jr., Esq.
       Counsel for Defendant John Downs
       rudasilljr7@aol.com

3)     Ms. Joanne Slaight
       Counsel for Defendant Tinesha Adams
       njslaight@worldnet.att.net

4)     Mr. Rudy Acree, Esq.
       Counsel for Defendant Bernie Hargrove
       Faxed to 202-331-7004

5)     Mr. Jensen Barber, Esq.
       Counsel for Defendant Keith Roots
       jebarber@aol.com

6)     Mr. Joseph Beshouri
       Counsel for Defendant Tony Hilt
       jbeshouri@aol.com

7)     Mr. Steven J. McCool
       Counsel for Defendant Damon Dixon
       StevenMccool@mallonandmccool.com

 

_____
S. ELISA POTEAT
ASSISTANT UNITED STATES ATTORNEY