UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) | |
| v. ) | CRIMINAL NO. 06-227 (RBW) |
| DARNELL JACKSON, ET. AL ) | |
| Defendants. ) | |

### GOVERNMENT'S SUPPLEMENT TO THE OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS

The Government, by and through its attorney, Jeffrey A. Taylor, United States Attorney for the District of Columbia, hereby requests that this Court deny the remaining motions of the defendants.

### I. BACKGROUND

The Government hereby incorporates by reference the factual backgrounds memorialized in its Motion to Admit Intrinsic, Extrinsic and Other Crimes Evidence, and its Omnibus Response to Defendants' Motions.

### II. BRADY AND GIGLIO MOTIONS

Various defendants filed motions requesting this Court to compel the Government to make certain disclosures of evidence which it has a duty to reveal even in the absence of such motions. These motions are not necessary in that the Government has certain obligations under Brady v. Maryland, 373 U.S. 53 (1957) and Giglio v. United States, 92 S.Ct. 763 (1972), and no motion is needed to make the Government meet those obligations.

    A.    <u>Defendant Hargrove's Motion is a Brady Request and Does not Trigger an Existing Governmental Obligation.</u>

Defendant Hargrove filed a motion asking this court to force the Government to reveal the identity of every confidential informant whether of not that informant will be called as a witness. This motion was not necessary. The Government understands its obligations under <u>Brady</u> and will provide any confidential witness information to the defendant as obligated by law.

    B.    <u>Bryant's Motion to Discovery Giglio and Brady Information Ignores the Government's Obligation to do so in the Absence of His Motion.</u>

Bryant's Motion likewise is nothing more than a written request to this Court to compel the Government to provide <u>Brady</u> and <u>Giglio</u> information - something that the Government is already obligated to do. The Government is aware of its obligations and will make the appropriate disclosures when the time for such disclosures is ripe.

### III. **BRYANT'S MOTION TO DISCOVER IDENTIFICATION IS MISPLACED**

Bryant moves this Court to compel the Government to disclose all identification procedures used in the case against him. This motion is not appropriately brought in this case. Normally identification motions would be filed in circumstances where the witnesses had momentary encounters with a defendant, and were unaware of a defendant's first name, last name, addresses, and history. This is not the factual scenario in the case against Bryant. First, the defendant was identified easily during the May 2006 wiretap inasmuch as he used a phone subscribed to him in his own name and at his own address, and, on other occasions subscribed to in his employer's name. (Materials confirming his link to his employer were found in Bryant's home and were reported by him to the Pretrial Services Agency.) Second, the percipient witnesses for the Government are going to be people who have known Bryant for years. Only

2

one of the witnesses against Bryant had known him for under a year but had seen him often enough that he clearly knew him. Therefore, this motion is not appropriate since there is no risk of a suggestive identification in this case.

In addition, the Government understands that any identification information that it possessed that evidenced a suggestive identification would trigger a <u>Brady</u> obligation. Once again, the Government understands its obligations under <u>Brady</u>.

### IV. <u>CONCLUSION</u>

The defendants' motions are nothing more than requests for exculpatory or bias information, and, in the case of Defendant Bryant's Motion to Discovery Identification, are inappropriate. The government respectfully requests that their motions be denied.

WHEREFORE, the government requests that the defendants' motions be denied.

                                       JEFFREY A. TAYLOR
                                       UNITED STATES ATTORNEY
                                       DISTRICT OF COLUMBIA

By:_____
    S. ELISA POTEAT
    Bar No.: 420-604
    Phone: (202) 514-7067
    EMORY V. COLE
    Assistant U.S. Attorneys
    555 4th Street, N.W.
    Washington, D.C. 20530

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing OMNIBUS RESPONSE SUPPLEMENT has been e-mailed on this, the 27th day of August, 2007, to the following attorneys:

                                                _____
                                                S. ELISA POTEAT
                                                ASSISTANT U. S. ATTORNEY

Defense Counsel:
1)    Mr. Howard Bernard Katzoff, Esq.
       Counsel for Defendant Lawrence Bryant
       katzoffh@aol.com

2)    Mr. James W. Rudasill, Jr., Esq.
       Counsel for Defendant John Downs
       rudasilljr7@aol.com

3)    Mr. Nathan Silver, Esq.
       Counsel for Defendant Darnell Jackson
       nisquire@aol.com

4)    Mr. Rudy Acree, Esq.
       Counsel for Defendant Bernie Hargrove
       Faxed to 202-331-7004

5)    Mr. Jensen Barber, Esq.
       Counsel for Defendant Keith Roots
       jebarber@aol.com

6)    Mr. Gary Sidell, Esq.
       Counsel for Defendant Lanika Mercedes Franklin
       suitcase@verizon.com

7)    Mr. Harry Tun
       Counsel for Defendant Troy Chavious
       Tunharry@aol.com

8)    Mr. Steven J. McCool

        Attorney for Defendant Damon Dixon
        smccool@mallonandmccool.com

9)     Mr. Cary Clennon
        Attorney for Defendant Troy Hopkins
        Clennon_law@comcast.net